UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| BARRY A. BANKS, | : | VIOLATIONS: |
| also known as "B," | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Distribution of a Mixture |
| Defendant. | : | and Substance Containing a Detectable |
| | : | Amount of Phencyclidine) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iv) |
| | | (Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine) |
| | : | FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a), (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about April 13, 2016, within the District of Columbia, **BARRY A. BANKS**, also known as "B," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Section(s) 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about April 21, 2016, within the District of Columbia, **BARRY A. BANKS**, also known as "B," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one hundred grams or more.

**(Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iv))

## FORFEITURE ALLEGATION

1. Upon conviction of either of the offenses alleged in Counts One and/or Two, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant in the amount of $2,250.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

*/s/ Channing D. Phillips*
Attorney of the United States in
and for the District of Columbia.